UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISTRICT COUNCIL NO. 9 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, A.F.L.-C.I.O.,<br><br>                              Petitioner,<br><br>-against-<br><br>SAHARA CONSTRUCTION CORP.,<br><br>                              Respondent. | Case No. 1:25-cv-05693 (JLR)<br><br>**MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On July 10, 2025, Petitioner District Council No. 9 International Union of Painters and Allied Trades A.F.L.-C.I.O. (the "Union") filed a Petition under Section 9 of the Federal Arbitration Act (FAA), 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act (LMRA) of 1947, 29 U.S.C. § 141 *et seq.*, to confirm the March 18, 2025 Decision and Award of the Joint Trade Committee of the Painting and Decorating Industry (the "Joint Trade Committee"). *See* Dkt. 1 ("Pet."); Dkt. 5-1 ("Award"); *see also* Dkt. 1-1 ("Br."). For the following reasons, the Petition is GRANTED.

## BACKGROUND

The following undisputed facts are principally taken from the Petition, the Union's memorandum of law, and the documents attached to the declaration of Lauren M. Kugielska in support of the Petition. *See* Pet.; Br.; Dkt. 5 ("Kugielska Decl.").

Petitioner Union is a labor organization within the meaning of Section 301 of the LMRA whose principal office is in New York. Pet. ¶ 2. Respondent, Sahara Construction Corporation ("Sahara" or "Respondent"), is a New York corporation with its last known principal place of business in New York. *Id.* ¶ 3. At all relevant times, Respondent was a party to a collective bargaining agreement ("CBA") with the Union, and an employer in an

industry affecting commerce as defined in Section 501 of the LMRA, 29 U.S.C. § 142. *See* Pet. ¶¶ 3-4; Dkt. 5-2 ("CBA"). The CBA provides for the submission of disputes to the Joint Trade Committee for a final binding decision. CBA art. XIII, § 3(a). A dispute arose when Sahara failed to register jobs with the Union, as required by Article X and Article XIII, Section 11 of the CBA. Pet. ¶ 6 (citing CBA art. X, art XIII, § 11, Violation 1).

On January 13, 2025, pursuant to Article XIII of the CBA, Petitioner filed two Demands for Arbitration, Grievance, and Complaint (the "Demands") with the Joint Trade Committee and served them upon Respondent. Pet. ¶ 7; Dkts. 5-3 ("Demands"). The Demands described that there was no job registration for work performed at Lafayette Houses and Ingersoll Houses, notwithstanding that Saraha was on site painting in both locations, constituting violations of Article XIII, Section 11, Violation 1. *See* Demands at 1, 3.

Respondent was notified that a hearing would take place on the violations at the offices of the Union on March 6, 2025 at 11:30 a.m. *See* Demands at 1, 3. The Joint Trade Committee held a hearing at the designated time and place on March 6, 2025. *See* Award at 1. No representatives from Respondent Employer attended the hearing, despite notification. *See id.* at 2. The Joint Trade Committee rendered its Award on March 18, 2025, holding that Sahara violated the CBA by failing to register a job with the Union. *See id.* at 2-3. The Award directed Respondent to submit a fine in the amount of $2,500 within ten days, made payable to the "Joint Trade Committee of the Painting and Decorating Industry." *Id.* at 2. The Award was issued and served on Respondent on March 18, 2025. See Dkt. 5-4; Pet. ¶ 11.

Respondent failed to comply with the Award and Petitioner served a letter on Respondent on April 14, 2025, noting the noncompliance, and demanding compliance with the Joint Trade Board Decision and Award by April 21, 2025. Dkt. 5-5; Pet. ¶ 12. To date,

Respondent has refused to comply with the Award.  Pet.¶ 13.  Respondent has not moved to modify or vacate the March 18, 2025 Award.  Br. at 5.

Petitioner filed the instant Petition to confirm the Award and a supporting memorandum of law on July 10, 2025.  *See generally* Pet.; Br.  The Court set down a briefing schedule on July 14, 2025, requiring any opposition to the Petition from Respondent to be filed by August 14, 2025.  Dkt. 7.  Respondent was served with the Petition and supporting papers by personal service to the New York State Department of State, Respondent's registered agent, on July 21, 2025.  *See* Dkt. 9.  Respondent was also served by first class mail with the Court's Order of July 14, 2025 at its business address on July 24, 2025.  Dkt. 10.  Petitioner filed the Affirmation of Lauren M. Kugielska on July 24, 2025 with documentation in support of Petitioner's request for attorneys' fees in the amount of $2,700 and court costs in the amount of $595.76, which was served on Respondent by first class mail on July 24, 2025.  Dkts. 11, 12.

To date, Respondent has not appeared in this case, responded to the Petition, contacted the Court, or otherwise sought relief from the Award.

## DISCUSSION

### I. Standard of Review

The Court's review of an arbitration award under the LMRA is "narrowly circumscribed and highly deferential — indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016).  "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)).  An award

should be confirmed as long as the arbitrator is "arguably construing or applying the contract and acting within the scope of his [or her] authority." *Nat'l Football League*, 820 F.3d at 532 (quoting *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "In other words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Service Employees International Union*, 954 F.2d 794, 797 (2d Cir. 1992)). Notwithstanding this deferential standard, and the fact that this Petition is unopposed, the Court must still examine the record as it would in the context of a motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (holding that "the petition and accompanying record should have been treated as akin to a motion for summary judgment based on the movant's submissions"). The Court must "determine if [the petitioner] has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

II. **Confirmation of the Award**

Petitioner timely filed the Petition to confirm the March 18, 2025 Award, as the Petition was filed within one year of the Award on July 10, 2025. *See Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159-60 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). Respondent chose not to appear in this case or oppose the Petition after having been provided sufficient notice and time to respond. After review of the Petition and supporting exhibits, the Court finds that there is no genuine issue of material fact in dispute precluding summary judgment for Petitioner.

Respondent does not dispute that it was bound by the CBA to register jobs and to resolve disputes via arbitration. *See* CBA art. XIII. Respondent, despite receiving all notices in the matter, failed to respond or appear at the arbitration hearing on March 6, 2025. *See* Award at 2. Respondent did not file any opposition here, despite service of the Petition and supporting papers, as well as ample time to respond. Based on the record presented, there is more than a "colorable justification" for the Award. *Landau*, 922 F.3d at 498 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797). Therefore, the Court confirms the Award in favor of Petitioner and orders to the Respondent to pay for fine set forth therein.

### III. Attorneys' Fees and Costs

Petitioner further seeks $2,700 in attorneys' fees for nine hours of attorney time and $595.76 in costs arising out of this Petition. *See* Dkt. 11; Br. at 5-6.

In federal courts, under the American rule, a prevailing party generally cannot recover its attorneys' fees absent statutory authority. *See International Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (detailing American rule and noting that section 301 of the LMRA does not provide for attorneys' fees in actions to confirm an arbitrator's award).

A court has inherent equitable power to award attorneys' fees when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *International Chemical Workers Union*, 774 F.2d at 47 (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of confirmation of arbitration awards, the Second Circuit has articulated the following "guiding principle" regarding this inherent equitable power: "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (citation omitted); *see also Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819-20

(2d Cir. 2022) (reiterating standard that even if the FAA does not provide statutory authority for the imposition of legal fees, fees could be awarded under the court's inherent equitable powers and "[a]s applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been [that] 'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded" (second alteration in original) (quoting *International Chemical Workers Union*, 774 F.2d at 47)). "Courts in this district have thus routinely awarded attorney's fees when the respondent has neither complied with the award nor opposed the petition to confirm arbitration." *Gelman v. Borruso*, No. 19-cv-10649 (RA), 2020 WL 4266678, at *4 (S.D.N.Y. July 23, 2020) (collecting cases); *see also District Council No. 9 International Union of Painters & Allied Trades v. City Newark Glass Co.,* No. 23-cv-09537 (GHW), 2024 WL 2783897, at *3 (S.D.N.Y. May 28, 2024) (awarding attorneys' fees for confirmation action where respondent did not appear at hearing, failed to satisfy the award, failed to oppose the petition to confirm the award, and therefore "failed to offer any justification for its refusal to abide by the decision of the arbitral panel"); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. IKNA Constr., Inc.,* No. 25-cv-03395 (VM), 2025 WL 2391332, at *2 (S.D.N.Y. Aug. 18, 2025) (same); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Blackstar Mech. Grp. 740 Inc.*, No. 23-cv-03163 (JPC), 2024 WL 1988327, at *4 (S.D.N.Y. May 6, 2024) (same).

Petitioner has provided detailed time records and met its burden of proving the reasonableness and necessity of the hours spent, rates charged ($300/hour), and litigation costs incurred, especially given the modest amount of time (9 hours) that was spent in

6

connection with this matter. *See* Dkt. 11; *see also Drywall Tapers & Pointers of Greater New York Local Union 1974 v. Visual Acoustics, LLC,* No. 17-cv-05431 (JGK), 2018 WL 1596196, at *3 (S.D.N.Y. Mar. 29, 2018) (awarding $2,910 in attorneys' fees for 9.7 hours of work); *Trs. of the Dist. Council No. 9 Painting Indus. Ins. Fund v. Jonathan Metal & Glass Ltd.*, No. 24-cv-05420 (ER), 2025 WL 2015142, at *4 (S.D.N.Y. July 17, 2025) (awarding $2,520 in attorneys' fees for 8.4 hours of work at $300/hour).

The costs for this action are reasonable and necessary, consisting solely of the filing fee with the Southern District of New York at $400 and the statutory fee paid to the New York State Secretary of State to effectuate service on the Employer for $195.76.

## CONCLUSION

For the reasons stated above, the Court GRANTS Petitioner's unopposed Petition to confirm the Award. The Clerk of Court is respectfully requested to enter Judgment in favor of Petitioner and against Respondent as follows:

(a) The Decision and Award issued by the Joint Trade Committee on the Painting and Decorating Industry, dated March 18, 2025, is confirmed;

(b) Respondent is ordered to pay $2,500 in fines to the Joint Trade Committee of the Painting and Decorating Industry, pursuant to the terms of the Award; and

(c) Respondent is ordered to pay Petitioner $2,700 in attorneys' fees and $595.76 in costs.

The Clerk of Court is thereafter directed to close this case.

Dated: September 9, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge